Page 1

1    UNITED STATES BANKRUPTCY COURT

2    NORTHERN DISTRICT OF NEW YORK

3    Case No. 15-10839

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    NANCY JEAN BURBRIDGE,              Chapter 13

8            Debtor.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10    Case No. 15-11083

11    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12    In the Matter of:

13

14    LAURIE A. TODD,                   Chapter 11

15            Debtor.

16    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17    Case No. 16-10694

18    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19    In the Matter of:

20

21    STANLEY LAWRENCE DISTEFANO, JR.,   Chapter 7

22            Debtor.

23    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

24

25

1              US Bankruptcy Court

2              James M. Hanley U.S. Courthouse &

3              Federal Building

4              100 South Clinton Street

5              Syracuse, NY  13261

6

7              September 19, 2016

8

9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON MARGARET CANGILOS-RUIZ

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  CAROLYN BEHM

1    Hearing re:    Mediation Conference

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:    Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   LEMERY GREISLER, LLC

 4        Attorney for Stanley DiStefano and Christi DiStefano

 5        50 Beaver Street

 6        Albany, New York 12207

 7

 8   BY:  PAUL A. LEVINE

 9

10   NOLAN & HELLER, LLP

11        Attorney for Laurie A. Todd

12        39 North Pearl Street

13        Albany, NY 12207

14

15   BY:  FRANCIS J. BRENNAN, ESQ.

16

17   MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

18        Attorney for Nancy Jean Burbridge and Doug Burbridge

19        and Janice DiStefano as Petitioning Creditor

20        677 Broadway

21        PO Box 459

22        Albany, New York 12201

23

24   BY:  KEVIN LAURIELLIARD, ESQ.

25        PETER PASTORE, ESQ.
```

```
 1    ALSO PRESENT TELEPHONICALLY:

 2

 3    NANCY BURBRIDGE

 4    DOUGLAS BURBRIDGE, SR.

 5    DOUGLAS BURBRIDGE, JR.

 6

 7    MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

 8         Attorney for Endurance American Insurance Company

 9         1300 Mount Kemble Avenue

10         PO Box 2075

11         Morristown, NJ 07962-2075

12

13    BY:  ADAM SCHWARTZ, ESQ.

14

15    JACK WILSON, Representative of Endurance American Insurance

16    Company

17

18

19

20

21

22

23

24

25
```

1                    P R O C E E D I N G S

2            THE COURT:  Good evening.  We want to thank the

3    parties for their patience today and working early in the

4    morning at 10:00 a.m. until -- well, we almost made 12

5    hours, 9:25 tonight.

6            THE COURT:  We are calling the cause of Nancy

7    Burbridge, Case No. 15-10830; Laurie Todd, Case No. 15-

8    11083; and the pending involuntary petition against Stanley

9    DiStefano, Case No. 16-10694.  And I am going to call on the

10   names of the parties that are on the phone and just ask that

11   when I call your name, you indicate that you are on the

12   phone.

13           THE COURT:  Nancy Burbridge.

14           MS. BURBRIDGE:  Here.

15           THE COURT:  And Douglas Burbridge, Sr.

16           MR. BURBRIDGE, SR.:  Senior.

17           THE COURT:  And Douglas Burbridge, Jr.

18           MR. BURBRIDGE, JR.:  Here.

19           THE COURT:  And on behalf of Endurance Insurance

20   Company, Adam -- Attorney Adam Schwartz?

21           MR. SCHWARTZ:  Here.

22           THE COURT:  And your client representative, I

23   understand, Jack Wilson is on the line?

24           MR. WILSON:  Here.

25           THE COURT:  And in the room presently, I'm going

1   to start on this side on my left and you can indicate who

2   the clients are with you.

3            MR. LEVINE:  Paul Levine, Your Honor, Lemery

4   Greisler, here for Stanley DiStefano and also Christi

5   DiStefano.

6            MR. BRENNAN:  Frank Brennan, Nolan & Heller, on

7   behalf of Laurie Todd.

8            THE COURT:  And counsel?

9            WOMAN:  They're on the phone, they want you --

10            MR. LAURIELLIARD:  Kevin Laurielliard appearing on

11   behalf of Janice DiStefano and also the Burbridges.

12            MR. BURBRIDGE:  And Mr. Burbridge --

13            WOMAN:  This hearing --

14            MR. PASTORE:  All the Burbridges.  Peter Pastore

15   with Kevin Laurielliard.  Did you also announce the case of

16   Mr. DiStefano's --

17            MAN:  Yes.

18            THE COURT:  Yes, I did.

19            MR. PASTORE:  -- involuntary petition?  We also

20   represent Janice DiStefano as a petitioning creditor in the

21   involuntary.  That's McNamee, Lochner, Titus & Williams,

22   Peter Pastore and Kevin Laurielliard.

23            THE COURT:  Okay.  We started as I indicated and

24   there has been an offer made globally by the DiStefano, Todd

25   and Burbridge entities to Endurance on the outstanding

1    indemnity.  And I am going to turn to Lemery Greisler now to

2    indicate the terms, and I'm going to let any other party

3    attorneys who are on the line to also have a chance to speak

4    if they need to clarify any of the terms mentioned.

5            MR. LEVINE:  Thank you, Judge.  Paul Levine for

6    Stanley and Christi DiStefano.  I'm going to endeavor,

7    Judge, to set forth the general terms of the settlement.

8    And I think the parties understand that there are

9    significant details that will still need to be worked out,

10   but the general outline, I think, has been agreed to.

11           Endurance will be paid a total amount of

12   $1,350,000 and the parties will contribute the following

13   amounts to that total.  Stanley DiStefano, $870,000; Nancy

14   Burbridge, $170,000; Douglas Burbridge, Jr., $70,000; and

15   Laurie Todd, $240,000.

16           With regard to Stanley's share, it's his intent to

17   sell his marital residence at Sage Estates in

18   (indiscernible), New York or Menands, New York, and it's our

19   intent to get that house, once the Court approved the

20   settlement, to get that house on the market as soon as

21   possible.  That house was built by Mr. and Mrs. DiStefano in

22   the early '90s.  For decades it was titled in Christi and

23   Stanley DiStefano as tenancy by the entirety.  When Mr.

24   DiStefano got the reverse mortgage on the house, as a

25   requirement of that mortgage, it had to be titled solely in

1    Mr. DiStefano's name.  As part of this, we would like to

2    retitle it back into Christi and Stanley in order to take

3    full advantage of the capital gains tax exemption for a

4    homestead in the marital residence.

5          Endurance has requested collateral in the nature

6    of a mortgage of $200,000 and would also like to reserve its

7    rights to request additional collateral to protect against

8    additional payment claims being made against its bond.  The

9    parties are still discussing the details of endeavoring to

10   provide that, both mortgage and additional rights, and we

11   hope to be able to resolve that.  Indeed, we hope to be able

12   to convince Endurance that such additional collateral is not

13   even necessary.  But that is an open issue, Judge, and the

14   parties will work together to try to resolve that.

15         Assuming the settlement is consummated and

16   complete, Endurance will reassign to the Green Island

17   Company the lawsuit that's pending against the State of New

18   York.  Nancy Burbridge will provide a full release to all

19   other indemnitors, including the company.  And Stanley

20   DiStefano, Christi DiStefano and Laurie Todd will similarly

21   provide a full release to all other indemnitors, except the

22   company, it being Stanley and Nancy's -- or I'm sorry --

23   Stanley and Laurie's intent that should the company recover

24   monies from the lawsuit or other assets, that they could be

25   reimbursed for their contributions, as set forth and

1   otherwise, certainly on behalf of Laurie and Stanley.

2          WOMAN:  Yes.

3          MR. LEVINE:  As part of this, in order to get the

4   house on the market and to otherwise live, Mr. and Mrs.

5   DiStefano, Stanley and Christi, that is, will need to access

6   equity in their Hawaii property and will request the

7   parties' cooperation in doing that.

8          With regard to Nancy Burbridge and Laurie Todd,

9   they will need to access their IRA funds, and it's my

10  understanding that they will seek to do that in a timely

11  fashion, but that they may wish to bridge that between this

12  year and next year so as to minimize tax consequences.  And

13  as I said, to fund the settlement, Stanley and Christi will

14  have to sell the Sage estate property and obviously that

15  will take some time, but will endeavor to do it as soon as

16  possible.

17         So, my point is that the parties will need to

18  cooperate as to timing of things.  It's our intent, Judge,

19  that this will be set forth in a comprehensive settlement

20  agreement by and amongst the parties and brought on for

21  approval by the Bankruptcy Court, Albany Division, Judge

22  Littlefield, because there are a handful of other creditors

23  in the cases that will need to be noticed properly with

24  regard to such matters.

25         The extra collateral that Endurance is seeking

1    with regard to claims is for valid claims.  That's how I

2    understand it, Judge.  I'm sure the parties will have

3    something to add, but I think --

4            THE COURT:  Do you have anything to add about an

5    escrow.  For example, some of the inherited IRAs taken down?

6            MR. LEVINE:  Yeah.  It -- because there's three

7    parties contributing to the settlement, their contributions

8    may become liquid at different times.  So the parties will

9    have to work together to set up what we think may be an

10   escrow, such that Endurance will get all of its money at the

11   same time, or as otherwise agreed by the parties.  But we

12   understand that Endurance is making a comprehensive

13   settlement and doesn't want to do this piecemeal, and that

14   consideration for all the parties is that all of this

15   happens.  So we'll have to work out the mechanics that.

16           THE COURT:  Very good.  Would someone like to add

17   on the record on behalf of Laurie Todd?  Do you have

18   anything to add?  Just in terms of -- I'm taking it from the

19   Debtors' side in terms of the offer first and then I'll turn

20   to Endurance.

21           MR. BRENNAN:  Your Honor, that -- Mr. Levine

22   accurately stated our understanding of the terms of the

23   settlement, subject to the resolution of the details for the

24   timing of the funding that Mr. Levine referred to.

25           THE COURT:  Okay.  And is there something on

1   behalf of --

2            MR. PASTORE:  Yes.  Peter Pastore on behalf of the

3   Burbridges.  Obviously, there will be a release and waiver

4   of any and all contribution claims among the various

5   indemnitors when the settlement becomes final and payment is

6   made.  Moreover, the surety will also issue unqualified,

7   unconditional releases of our three clients.  With that -- I

8   mean, I think that goes without saying --

9            MAN:  Any other indemnitors.

10           MR. PASTORE:  Any other indemnitors, right.  All

11  the indemnitors.  If -- is there any possibility that

12  Endurance would want monies paid prior to the breaking of a

13  total escrow payment?  Obviously, the client that put up

14  that money would need those releases at that juncture.  And

15  will leave that up to Endurance to make that decision

16  because it may take a little longer for the Sage Hill

17  mansion the soul, and if Endurance -- I don't know if Adam

18  would like to comment on that, but if there would be a

19  release of those monies to Endurance, we would want a

20  correlative release of all indemnitors that are paying at

21  that juncture.

22           MR. WILSON:  You know --

23           MR. PASTORE:  What's that?  Yeah, go ahead, Adam.

24           MR. WILSON:  If I may -- I'm sorry, it's Jack

25  Wilson.

1            MR. PASTORE:  Oh, Jack.

2            MR. WILSON:  The question that I have is I wasn't

3    aware that the Sage property was going to be a piece of this

4    particular settlement deal, and I am a little concerned

5    about the timing on that sale and the equity that is

6    realized at the time of the sale, for obvious reasons.  So I

7    don't -- it could take years to sell it.  He could take

8    months to sell it, a year to sell it; maybe it doesn't get

9    sold, and then where are we?  Is there -- how do we deal

10   with that piece?

11           MR. LEVINE:  We have every interest to sell it and

12   if, you know, that's -- if we don't sell it then we're not

13   released, so I guess ultimately that risk falls on us.  But,

14   I mean, it's real estate.  I don't know what else to tell

15   you about that.  I mean that's --

16           THE COURT:  And the market right now is pretty

17   stable in that area.  I can vouch for that.  They have a

18   higher exemption than out in Syracuse.  They have more

19   wealthy people coming to the area than Syracuse has, which

20   is not one of the wealthiest - Onondaga County being one of

21   the poorest.

22           MR. WILSON:  Okay.

23           MR. SCHWARTZ:  This is Adam Schwartz for

24   Endurance.  This is the first time we're hearing about the

25   breakdown of who's paying what and we understood it was

1    $1,350,000.  And we understood we were going to have to

2    reserve rights and timing and try to work through that.  And

3    now we're hearing different people paying different amounts.

4    We certainly appreciate the number, but we're certainly, in

5    terms of being on the record tonight, we're not agreeing to

6    taking any specific amount of any specific indemnitor.

7              MR. PASTORE:  Oh, okay.

8              THE COURT:  No, understood --

9              MR. SCHWARTZ:  $1,350,000 to be paid by a certain

10   date.

11             THE COURT:  It's $1,350,000 is the global

12   agreement.

13             MR. SCHWARTZ:  Yeah.

14             THE COURT:  I thought that part of the problem we

15   had the last time was we didn't get the global offer in and

16   therefore you weren't able to respond.  In fact, you are

17   getting separate offers in between in the interim and you

18   didn't want that.  So the idea is to have a global

19   settlement that gets it settled on both sides of the

20   equation.  And for that, we've had a yeoman effort today to

21   have the one half all combined to be able to come up with a

22   number that you have said is acceptable.  Go ahead.

23             MR. LAURIELLIARD:  And if I could add -- yeah,

24   this is Kevin Laurielliard, and I just want to add, though,

25   that there's different components to this settlement.  And I

1    understand Endurance is saying, we're not settled unless

2    we've got a total of $1,350,000.  But my understanding is,

3    vis-à-vis the indemnitors and their rights of contribution,

4    we are settling.  So in other words, if we pay our $240,000

5    and somehow you are unable to sell Sage Estates, no, we're

6    not -- we're not establishing our --

7                MAN:  No.

8                MR. LAURIELLIARD:  -- rights vis-à-vis one

9    another?

10               MR. SCHWARTZ:  For example, we're making a global

11   settlement.  Everybody's got to contribute their money.

12               MR. LAURIELLIARD:  We are.

13               MR. SCHWARTZ:  Endurance has to be paid, and then

14   everybody gets released.

15               MR. LAURIELLIARD:  No, no, no.  I understand.  But

16   what I'm saying, this is news to me.  If we pay $240,000

17   total, Douglas Jr. pays $70,000, Nancy pays $170,000, and

18   then for some reason something outside their control, the

19   sale or lack of sale, if Sage Estates doesn't happen, we're

20   back at square one.  We're settling up our pro rata --

21               MR. SCHWARTZ:  No, no.

22               MAN:  No.

23               MR. LAURIELLIARD:  No?

24               MR. SCHWARTZ:  It's a global settlement for the

25   same --

1          MR. LAURIELLIARD:  I know.  I understand that vis-

2     à-vis Endurance.  I'm talking about vis-à-vis one another.

3          MR. SCHWARTZ:  Vis-à-vis one another and

4     Endurance.  It's a global settlement.

5          MR. LAURIELLIARD:  Whoa.  So we're carrying this

6     risk --

7          MR. BRENNAN:  Your Honor --

8          MR. LAURIELLIARD:  -- of something we have no

9     control over?

10          MR. BRENNAN:  Frank Brennan on behalf of Laurie

11     Todd.  That was my understanding as well.  This is a global

12     settlement offer.  It's either settled as to Endurance and

13     all parties, or it's not settled as to any of them.

14          MR. LAURIELLIARD:  Okay.  So if Dougie can't pay

15     the $70,000, we're back at square one.  That's what we're

16     saying.

17          THE COURT:  Well, I don't think Endurance needs to

18     know about the piece --

19          MAN:  Right, I mean there are circumstances --

20          THE COURT:  -- the pieces were placed on the

21     record right now so that the parties are committing right

22     now that this is their part of the global settlement.

23     That's how we are getting there.

24          MR. LAURIELLIARD:  No, I understand.  But there's

25     two major components and I thought we were settling both

1      sides of it.  But I guess it doesn't sound that way.

2              THE COURT:  Okay.  Mr. Schwartz, did you want to

3      say anything before I get people's assent on the record to

4      what's going on here?

5              MR. SCHWARTZ:  Yeah, quickly.  So actually

6      Endurance is treating this matter, you know, joint and

7      several liability until their, you know, settlement is paid

8      of $1,350,000.  That's number 1.  Number 2, the rights that

9      Endurance has against -- to a claim against the estate, that

10     won't be released until Endurance is paid in full.  And

11     number 3, you know, we also reserve our right

12     (indiscernible) generally.  But we appreciate the $1,350,000

13     that's being talked about.

14             THE COURT:  Very good.  In the details, of course,

15     are -- the devil is in the details, but you're going to work

16     it out, or God's in the details, whichever way we get there.

17             I am going to now turn to Stanley DiStefano and

18     Christi DiStefano and ask -- you've heard the terms on the

19     record.  Are you in agreement with what your attorney has

20     stated?

21             MR. DISTEFANO:  Yes.

22             THE COURT:  And?

23             MR. DISTEFANO:  Yes.

24             THE COURT:  And yes.  And I'm going to turn to Mr.

25     Brennan's client, Laurie Todd, and ask to indicate, are you

1    in agreement with the terms?  And just speak right into the

2    microphone if you would with the terms, nice and loudly.

3              MS. TODD:  Yes.

4              THE COURT:  Okay.  And let me turn to -- I'm going

5    to call the names separately.  Douglas Burbridge, Sr.?  Are

6    you in agreement with the terms that have been stated on the

7    record?

8              MR. BURBRIDGE, SR.:  Yes.

9              THE COURT:  And Nancy Burbridge, are you in

10   agreement?

11             MS. BURBRIDGE:  Yes.

12             THE COURT:  And Douglas Burbridge, Jr., are you in

13   agreement?

14             MR. BURBRIDGE, JR.:  Yes.

15             THE COURT:  And Mr. Schwartz I take your comments

16   and what Mr. Wilson said.  Mr. Wilson, you heard the terms

17   and what has been expressed today.  Are you in agreement on

18   behalf of Endurance Insurance Company?

19             MR. WILSON:  Yes.

20             THE COURT:  Then I pronounce that we have had a

21   settlement and I thank all the parties again for taking the

22   laboring oar and having their patience today.  I just trust

23   that in the same spirit, everyone can move ahead with their

24   lives and that you will be able to work out the details.

25   But it will certainly be within a framework that the Court

1    is so ordering tonight.

2              Thank you again.

3              ALL:  Thank you.

4              MAN:  We appreciate the Court's time.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2

3                          RULINGS

4                                    Page        Line

5    Settlement Approved             18          22

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                     C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4      transcript is a true and accurate record of the proceedings.

5
       Sonya                    Digitally signed by Sonya Ledanski
                                Hyde
6      Ledanski Hyde            DN: cn=Sonya Ledanski Hyde, o, ou,
                                email=digital1@veritext.com, c=US
7                               Date: 2016.09.22 15:23:34 -04'00'

8      Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  September 21, 2016

**&**

**&**   2:2 4:10,17 5:7
7:6,21

**0**

**07962-2075**   5:11

**1**

**1**   17:8
**1,350,000**   8:12
14:1,9,11 15:2
17:8,12
**100**   2:4
**10:00**   6:4
**11**   1:14
**11083**   6:8
**11501**   21:23
**12**   6:4
**12201**   4:22
**12207**   4:6,13
**13**   1:7
**1300**   5:9
**13261**   2:5
**15**   6:7
**15-10830**   6:7
**15-10839**   1:3
**15-11083**   1:10
**16-10694**   1:17 6:9
**170,000**   8:14
15:17
**18**   20:5
**19**   2:7

**2**

**2**   17:8
**200,000**   9:6
**2016**   2:7 21:25
**2075**   5:10
**21**   21:25
**22**   20:5
**240,000**   8:15 15:4
15:16

**3**

**3**   17:11
**300**   21:22
**330**   21:21
**39**   4:12

**4**

**459**   4:21

**5**

**50**   4:5

**6**

**677**   4:20

**7**

**7**   1:21
**70,000**   8:14 15:17
16:15

**8**

**870,000**   8:13

**9**

**90s**   8:22
**9:25**   6:5

**a**

**a.m.**   6:4
**able**   9:11,11 14:16
14:21 18:24
**acceptable**   14:22
**access**   10:5,9
**accurate**   21:4
**accurately**   11:22
**adam**   5:13 6:20
6:20 12:17,23
13:23
**add**   11:3,4,16,18
14:23,24
**additional**   9:7,8
9:10,12
**advantage**   9:3
**agreed**   8:10 11:11
**agreeing**   14:5
**agreement**   10:20
14:12 17:19 18:1

18:6,10,13,17
**ahead**   12:23 14:22
18:23
**albany**   4:6,13,22
10:21
**american**   5:8,15
**amount**   8:11 14:6
**amounts**   8:13
14:3
**announce**   7:15
**appearing**   7:10
**appreciate**   14:4
17:12 19:4
**approval**   10:21
**approved**   8:19
20:5
**area**   13:17,19
**assent**   17:3
**assets**   9:24
**assuming**   9:15
**attorney**   4:4,11
4:18 5:8 6:20
17:19
**attorneys**   8:3
**avenue**   5:9
**aware**   13:3

**b**

**b**   2:21
**back**   9:2 15:20
16:15
**bankruptcy**   1:1
2:1,23 10:21
**beaver**   4:5
**behalf**   6:19 7:7,11
10:1 11:17 12:1,2
16:10 18:18
**behm**   2:25
**bond**   9:8
**box**   4:21 5:10
**breakdown**   13:25
**breaking**   12:12
**brennan**   4:15 7:6
7:6 11:21 16:7,10

16:10
**brennan's**   17:25
**bridge**   10:11
**broadway**   4:20
**brought**   10:20
**building**   2:3
**built**   8:21
**burbridge**   1:7
4:18,18 5:3,4,5
6:7,13,14,15,16
6:17,18 7:12,12
7:25 8:14,14 9:18
10:8 18:5,8,9,11
18:12,14
**burbridges**   7:11
7:14 12:3

**c**

**c**   4:1 6:1 21:1,1
**call**   6:9,11 18:5
**calling**   6:6
**cangilos**   2:22
**capital**   9:3
**carolyn**   2:25
**carpenter**   5:7
**carrying**   16:5
**case**   1:3,10,17 6:6
6:7,7,9 7:15
**cases**   10:23
**certain**   14:9
**certainly**   10:1
14:4,4 18:25
**certified**   21:3
**chance**   8:3
**chapter**   1:7,14,21
**christi**   4:4 7:4 8:6
8:22 9:2,20 10:5
10:13 17:18
**circumstances**
16:19
**claim**   17:9
**claims**   9:8 11:1,1
12:4

clarify 8:4
client 6:22 12:13
  17:25
clients 7:2 12:7
clinton 2:4
collateral 9:5,7,12
  10:25
combined 14:21
come 14:21
coming 13:19
comment 12:18
comments 18:15
committing 16:21
company 5:8,16
  6:20 9:17,19,22
  9:23 18:18
complete 9:16
components 14:25
  16:25
comprehensive
  10:19 11:12
concerned 13:4
conference 3:1
consequences
  10:12
consideration
  11:14
consummated
  9:15
contribute 8:12
  15:11
contributing 11:7
contribution 12:4
  15:3
contributions
  9:25 11:7
control 15:18 16:9
convince 9:12
cooperate 10:18
cooperation 10:7
correlative 12:20
counsel 7:8

country 21:21
county 13:20
course 17:14
court 1:1 2:1 6:2,6
  6:13,15,17,19,22
  6:25 7:8,18,23
  8:19 10:21 11:4
  11:16,25 13:16
  14:8,11,14 16:17
  16:20 17:2,14,22
  17:24 18:4,9,12
  18:15,20,25
court's 19:4
courthouse 2:2
creditor 4:19 7:20
creditors 10:22

d
d 6:1 20:1
date 14:10 21:25
deal 13:4,9
debtor 1:8,15,22
debtors' 11:19
decades 8:22
decision 12:15
details 8:9 9:9
  11:23 17:14,15,16
  18:24
deutsch 5:7
devil 17:15
different 11:8
  14:3,3,25
discussing 9:9
distefano 1:21 4:4
  4:4,19 6:9 7:4,5
  7:11,20,24 8:6,13
  8:21,23,24 9:20
  9:20 10:5 17:17
  17:18,21,23
distefano's 7:16
  9:1
district 1:2
division 10:21

doing 10:7
doug 4:18
dougie 16:14
douglas 5:4,5 6:15
  6:17 8:14 15:17
  18:5,12

e
e 2:21,21 4:1,1 6:1
  6:1 20:1 21:1
early 6:3 8:22
ecro 2:25
effort 14:20
either 16:12
endeavor 8:6
  10:15
endeavoring 9:9
endurance 5:8,15
  6:19 7:25 8:11 9:5
  9:12,16 10:25
  11:10,12,20 12:12
  12:15,17,19 13:24
  15:1,13 16:2,4,12
  16:17 17:6,9,10
  18:18
entirety 8:23
entities 7:25
equation 14:20
equity 10:6 13:5
escrow 11:5,10
  12:13
esq 4:15,24,25
  5:13
establishing 15:6
estate 10:14 13:14
  17:9
estates 8:17 15:5
  15:19
evening 6:2
everybody 15:14
everybody's
  15:11
example 11:5
  15:10

exemption 9:3
  13:18
expressed 18:17
extra 10:25

f
f 2:21 21:1
fact 14:16
falls 13:13
fashion 10:11
federal 2:3
final 12:5
first 11:19 13:24
following 8:12
foregoing 21:3
forth 8:7 9:25
  10:19
framework 18:25
francis 4:15
frank 7:6 16:10
full 9:3,18,21
  17:10
fund 10:13
funding 11:24
funds 10:9

g
g 6:1
gains 9:3
general 8:7,10
generally 17:12
getting 14:17
  16:23
global 14:11,15
  14:18 15:10,24
  16:4,11,22
globally 7:24
go 12:23 14:22
god's 17:16
goes 12:8
going 6:9,25 8:1,2
  8:6 13:3 14:1 17:4
  17:15,17,24 18:4
good 6:2 11:16
  17:14

[green - new]

**green** 9:16
**greisler** 4:3 7:4
8:1
**guess** 13:13 17:1

**h**

**half** 14:21
**handful** 10:22
**hanley** 2:2
**happen** 15:19
**happens** 11:15
**hawaii** 10:6
**heard** 17:18 18:16
**hearing** 3:1 7:13
13:24 14:3
**heller** 4:10 7:6
**higher** 13:18
**hill** 12:16
**homestead** 9:4
**hon** 2:22
**honor** 7:3 11:21
16:7
**hope** 9:11,11
**hours** 6:5
**house** 8:19,20,21
8:24 10:4
**hyde** 3:25 21:3,8

**i**

**idea** 14:18
**including** 9:19
**indemnitor** 14:6
**indemnitors** 9:19
9:21 12:5,9,10,11
12:20 15:3
**indemnity** 8:1
**indicate** 6:11 7:1
8:2 17:25
**indicated** 7:23
**indiscernible** 8:18
17:12
**inherited** 11:5
**insurance** 5:8,15
6:19 18:18

**intent** 8:16,19
9:23 10:18
**interest** 13:11
**interim** 14:17
**involuntary** 6:8
7:19,21
**ira** 10:9
**iras** 11:5
**island** 9:16
**issue** 9:13 12:6

**j**

**j** 4:15
**jack** 5:15 6:23
12:24 13:1
**james** 2:2
**janice** 4:19 7:11
7:20
**jean** 1:7 4:18
**joint** 17:6
**jr** 1:21 5:5 6:17,18
8:14 15:17 18:12
18:14
**judge** 2:23 8:5,7
9:13 10:18,21
11:2
**juncture** 12:14,21

**k**

**kemble** 5:9
**kevin** 4:24 7:10
7:15,22 14:24
**know** 12:17,22
13:12,14 16:1,18
17:6,7,11

**l**

**laboring** 18:22
**lack** 15:19
**laurie** 1:14 4:11
6:7 7:7 8:15 9:20
10:1,8 11:17
16:10 17:25
**laurie's** 9:23

**laurielliard** 4:24
7:10,10,15,22
14:23,24 15:8,12
15:15,23 16:1,5,8
16:14,24
**lawrence** 1:21
**lawsuit** 9:17,24
**leave** 12:15
**ledanski** 3:25 21:3
21:8
**left** 7:1
**legal** 21:20
**lemery** 4:3 7:3 8:1
**levine** 4:8 7:3,3
8:5,5 10:3 11:6,21
11:24 13:11
**liability** 17:7
**line** 6:23 8:3 20:4
**liquid** 11:8
**little** 12:16 13:4
**littlefield** 10:22
**live** 10:4
**lives** 18:24
**llc** 4:3
**llp** 4:10 5:7
**lochner** 4:17 7:21
**longer** 12:16
**loudly** 18:2

**m**

**m** 2:2
**major** 16:25
**making** 11:12
15:10
**man** 7:17 12:9
15:7,22 16:19
19:4
**mansion** 12:17
**margaret** 2:22
**marital** 8:17 9:4
**market** 8:20 10:4
13:16
**matter** 1:5,12,19
17:6

**matters** 10:24
**mcelroy** 5:7
**mcnamee** 4:17
7:21
**mean** 12:8 13:14
13:15 16:19
**mechanics** 11:15
**mediation** 3:1
**menands** 8:18
**mentioned** 8:4
**microphone** 18:2
**mineola** 21:23
**minimize** 10:12
**money** 11:10
12:14 15:11
**monies** 9:24 12:12
12:19
**months** 13:8
**morning** 6:4
**morristown** 5:11
**mortgage** 8:24,25
9:6,10
**mount** 5:9
**move** 18:23
**mulvaney** 5:7

**n**

**n** 4:1 6:1 20:1
21:1
**name** 6:11 9:1
**names** 6:10 18:5
**nancy** 1:7 4:18
5:3 6:6,13 8:13
9:18 10:8 15:17
18:9
**nancy's** 9:22
**nature** 9:5
**necessary** 9:13
**need** 8:4,9 10:5,9
10:17,23 12:14
**needs** 16:17
**new** 1:2 4:6,22
8:18,18 9:17

| | | | |
|---|---|---|---|
| **news** 15:16 | **parties** 6:3,10 8:8 | **prior** 12:12 | **reserve** 9:6 14:2 |
| **nice** 18:2 | 8:12 9:9,14 10:7 | **pro** 15:20 | 17:11 |
| **nj** 5:11 | 10:17,20 11:2,7,8 | **problem** 14:14 | **residence** 8:17 9:4 |
| **nolan** 4:10 7:6 | 11:11,14 16:13,21 | **proceedings** 21:4 | **resolution** 11:23 |
| **north** 4:12 | 18:21 | **pronounce** 18:20 | **resolve** 9:11,14 |
| **northern** 1:2 | **party** 8:2 | **properly** 10:23 | **respond** 14:16 |
| **noticed** 10:23 | **pastore** 4:25 7:14 | **property** 10:6,14 | **retitle** 9:2 |
| **number** 14:4,22 | 7:14,19,22 12:2,2 | 13:3 | **reverse** 8:24 |
| 17:8,8,11 | 12:10,23 13:1 | **protect** 9:7 | **right** 12:10 13:16 |
| **ny** 2:5 4:13 21:23 | 14:7 | **provide** 9:10,18 | 16:19,21,21 17:11 |
| | **patience** 6:3 18:22 | 9:21 | 18:1 |
| **o** | **paul** 4:8 7:3 8:5 | **put** 12:13 | **rights** 9:7,10 14:2 |
| **o** 2:21 6:1 21:1 | **pay** 15:4,16 16:14 | | 15:3,8 17:8 |
| **oar** 18:22 | **paying** 12:20 | **q** | **risk** 13:13 16:6 |
| **obvious** 13:6 | 13:25 14:3 | **question** 13:2 | **road** 21:21 |
| **obviously** 10:14 | **payment** 9:8 12:5 | **quickly** 17:5 | **room** 6:25 |
| 12:3,13 | 12:13 | | **ruiz** 2:22 |
| **offer** 7:24 11:19 | **pays** 15:17,17 | **r** | **rulings** 20:3 |
| 14:15 16:12 | **pearl** 4:12 | **r** 2:21 4:1 6:1 21:1 | |
| **offers** 14:17 | **pending** 6:8 9:17 | **rata** 15:20 | **s** |
| **oh** 13:1 14:7 | **people** 13:19 14:3 | **real** 13:14 | **s** 4:1 6:1 |
| **okay** 7:23 11:25 | **people's** 17:3 | **realized** 13:6 | **sage** 8:17 10:14 |
| 13:22 14:7 16:14 | **peter** 4:25 7:14,22 | **reason** 15:18 | 12:16 13:3 15:5 |
| 17:2 18:4 | 12:2 | **reasons** 13:6 | 15:19 |
| **old** 21:21 | **petition** 6:8 7:19 | **reassign** 9:16 | **sale** 13:5,6 15:19 |
| **once** 8:19 | **petitioning** 4:19 | **record** 11:17 14:5 | 15:19 |
| **onondaga** 13:20 | 7:20 | 16:21 17:3,19 | **saying** 12:8 15:1 |
| **open** 9:13 | **phone** 6:10,12 7:9 | 18:7 21:4 | 15:16 16:16 |
| **order** 9:2 10:3 | **piece** 13:3,10 | **recover** 9:23 | **schwartz** 5:13 |
| **ordering** 19:1 | 16:18 | **referred** 11:24 | 6:20,21 13:23,23 |
| **outline** 8:10 | **piecemeal** 11:13 | **regard** 8:16 10:8 | 14:9,13 15:10,13 |
| **outside** 15:18 | **pieces** 16:20 | 10:24 11:1 | 15:21,24 16:3 |
| **outstanding** 7:25 | **placed** 16:20 | **reimbursed** 9:25 | 17:2,5 18:15 |
| | **po** 4:21 5:10 | **release** 9:18,21 | **seek** 10:10 |
| **p** | **point** 10:17 | 12:3,19,20 | **seeking** 10:25 |
| **p** 4:1,1 6:1 | **poorest** 13:21 | **released** 13:13 | **sell** 8:17 10:14 |
| **p.c.** 4:17 | **possibility** 12:11 | 15:14 17:10 | 13:7,8,8,11,12 |
| **page** 20:4 | **possible** 8:21 | **releases** 12:7,14 | 15:5 |
| **paid** 8:11 12:12 | 10:16 | **represent** 7:20 | **senior** 6:16 |
| 14:9 15:13 17:7 | **present** 5:1 | **representative** | **separate** 14:17 |
| 17:10 | **presently** 6:25 | 5:15 6:22 | **separately** 18:5 |
| **part** 9:1 10:3 | **pretty** 13:16 | **request** 9:7 10:6 | **september** 2:7 |
| 14:14 16:22 | | **requested** 9:5 | 21:25 |
| **particular** 13:4 | | **requirement** 8:25 | |

[set - york]                                                                      Page 5

| | | | |
|---|---|---|---|
| **set**  8:7 9:25 10:19 11:9 | **state**  9:17 | **titus**  4:17 7:21 | **vouch**  13:17 |
| **settled**  14:19 15:1 16:12,13 | **stated**  11:22 17:20 18:6 | **today**  6:3 14:20 18:17,22 | **w** |
| **settlement**  8:7,20 9:15 10:13,19 11:7,13,23 12:5 13:4 14:19,25 15:11,24 16:4,12 16:22 17:7 18:21 20:5 | **states**  1:1 | **todd**  1:14 4:11 6:7 7:7,24 8:15 9:20 10:8 11:17 16:11 17:25 18:3 | **waiver**  12:3 |
| | **street**  2:4 4:5,12 | | **want**  6:2 7:9 11:13 12:12,19 14:18,24 17:2 |
| | **subject**  11:23 | | **way**  17:1,16 |
| | **suite**  21:22 | **tonight**  6:5 14:5 19:1 | **we've**  14:20 15:2 |
| | **sure**  11:2 | **total**  8:11,13 12:13 15:2,17 | **wealthiest**  13:20 |
| | **surety**  12:6 | | **wealthy**  13:19 |
| **settling**  15:4,20 16:25 | **syracuse**  2:5 13:18,19 | **transcribed**  3:25 | **we're**  15:1 16:15 16:15 |
| **share**  8:16 | **t** | **transcript**  21:4 | **whichever**  17:16 |
| **side**  7:1 11:19 | **t**  21:1,1 | **treating**  17:6 | **whoa**  16:5 |
| **sides**  14:19 17:1 | **take**  9:2 10:15 12:16 13:7,7 18:15 | **true**  21:4 | **williams**  4:17 7:21 |
| **significant**  8:9 | | **trust**  18:22 | **wilson**  5:15 6:23 6:24 12:22,24,25 13:2,22 18:16,16 18:19 |
| **similarly**  9:20 | | **try**  9:14 14:2 | |
| **sold**  13:9 | **taken**  11:5 | **turn**  8:1 11:19 17:17,24 18:4 | |
| **solely**  8:25 | **talked**  17:13 | **two**  16:25 | **wish**  10:11 |
| **solutions**  21:20 | **talking**  16:2 | **u** | **woman**  7:9,13 10:2 |
| **sonya**  3:25 21:3,8 | **tax**  9:3 10:12 | **u.s.**  2:2,23 | **words**  15:4 |
| **soon**  8:20 10:15 | **telephonically**  5:1 | **ultimately**  13:13 | **work**  9:14 11:9,15 14:2 17:15 18:24 |
| **sorry**  9:22 12:24 | **tell**  13:14 | **unable**  15:5 | |
| **soul**  12:17 | **tenancy**  8:23 | **unconditional**  12:7 | **worked**  8:9 |
| **sound**  17:1 | **terms**  8:2,4,7 11:18,19,22 14:5 17:18 18:1,2,6,16 | **understand**  6:23 8:8 11:2,12 15:1 15:15 16:1,24 | **working**  6:3 |
| **south**  2:4 | | | **x** |
| **speak**  8:3 18:1 | | | **x**  1:4,9,11,16,18 1:23 20:1 |
| **specific**  14:6,6 | **thank**  6:2 8:5 18:21 19:2,3 | **understanding**  10:10 11:22 15:2 16:11 | |
| **spirit**  18:23 | **things**  10:18 | | **y** |
| **square**  15:20 16:15 | **think**  8:8,10 11:3 11:9 12:8 16:17 | **understood**  13:25 14:1,8 | **yeah**  11:6 12:23 14:13,23 17:5 |
| **sr**  5:4 6:15,16 18:5,8 | **thought**  14:14 16:25 | **united**  1:1 | **year**  10:12,12 13:8 |
| **stable**  13:17 | **three**  11:6 12:7 | **unqualified**  12:6 | **years**  13:7 |
| **stanley**  1:21 4:4 6:8 7:4 8:6,13,23 9:2,19,22,23 10:1 10:5,13 17:17 | **time**  10:15 11:11 13:6,24 14:15 19:4 | **v** | **yeoman**  14:20 |
| | | **valid**  11:1 | **york**  1:2 4:6,22 8:18,18 9:18 |
| | **timely**  10:10 | **various**  12:4 | |
| **stanley's**  8:16 | **times**  11:8 | **veritext**  21:20 | |
| **start**  7:1 | **timing**  10:18 11:24 13:5 14:2 | **vis**  15:3,3,8,8 16:1 16:2,2,2,3,3 | |
| **started**  7:23 | **titled**  8:22,25 | | |

| à |
|---|
| **à**   15:3,8 16:2,2,3 |