UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

STANLEY LAWRENCE DISTEFANO, JR.,

*Debtor*.

Case No. 16-10694
Chapter 7

APPEARANCES:

Paul A. Levine, Esq.
Meghan M. Breen, Esq.
*Attorneys for Debtor*
Lemery Greisler, LLC
677 Broadway, 8th Floor
Albany, New York 12866

Marc S. Ehrlich, Esq.
*Chapter 7 Trustee*
64 Second Street
Troy, New York 12180

Nicole Leonard, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
*Attorneys for Endurance American Insurance Company*
225 Liberty Street, 36th Floor
New York, New York 10281

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM DECISION AND ORDER**

Currently before the Court is Endurance American Insurance Company's ("Endurance" or the "Creditor") "Motion for Relief from Stay Motion for Determination That the Automatic Stay does Not Apply to Non-Debtors In the State Court Action Or, In the Alternative, Nunc Pro Tunc Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(D)[sic](1), and related relief." (ECF Nos. 526, 537, 540, 567 & 573). Stanley DiStefano, Jr., ("DiStefano" or the "Debtor") and Marc S. Ehrlich, Esq., the Chapter 7

1

Trustee, replied. (ECF Nos. 529, 530, 535, 539, 569 & 575). The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[1]

## FACTS

The relevant facts are undisputed. The Debtor ran a family business. In 2011 DiStefano, along with Green Island Construction, Green Island Contracting, Christi L. DiStefano, Douglas B. Burbridge, Jr., Patrick Reedy, Nancy J. Burbridge, Douglas B. Burbridge and Laurie A. Todd (collectively, the "Indemnitors"), signed a "General Agreement of Indemnity" to facilitate Endurance's issuance of surety bonds. (ECF No. 526, pg. 3). Thereafter, the Creditor received claims totaling more than 2.2 million dollars subject to indemnification. *Id.*

On April 20, 2016, an involuntary Chapter 7 petition was commenced against the Debtor. (ECF No. 1). The case was adjudicated and subsequently converted to a Chapter 11 proceeding. (ECF No. 88). Eventually, the United States Trustee (the "UST") moved for the appointment of a § 1104 Trustee. By order dated May 27, 2018, the request was granted. (ECF No. 247). On May 23, 2019, the UST moved for the case to be converted to Chapter 7 which was granted on July 2, 2019. (ECF Nos. 369, 380). On November 26, 2019, the Debtor received his Chapter 7 discharge. (ECF No. 403). The bankruptcy case remains open.

On December 3, 2014, prior to the commencement of the involuntary bankruptcy proceeding, the Creditor filed a state court action (the "SCA") seeking to enforce its rights under the indemnity agreement and naming the Indemnitors as defendants. *Id*. On January 13, 2015, the Debtor, Creditor and other Indemnitors entered into stipulations which had the effect of a preliminary injunction. (Proof of Claim No. 13, pgs. 45–50). The SCA continued against all defendants until April 20, 2016 when the involuntary

---

[1] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2024) (the "Bankruptcy Code").

proceeding was initiated against DiStefano. Once Endurance learned the involuntary proceeding had been commenced, it notified the state court. Since that time no action has been taken against DiStefano due to the bankruptcy. (ECF No. 526).

On July 6, 2022, the Second Circuit Court of Appeals issued an opinion in the case *Bayview Loan Servicing LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62 (2d Cir. 2022). The *Fogarty* Court established "a bright-line rule"[2] regarding the automatic stay: if a foreclosure proceeding is commenced and a bankruptcy is filed by a defendant, then relief from the automatic stay is required to continue the foreclosure proceeding.

On October 18, 2022, an order was entered in the SCA granting the Creditor's summary judgment motion regarding the contractual indemnification claim. The state court agreed with Endurance, awarding it $2,089,696.08 plus interest and costs.[3] The third paragraph of the summary judgment order states the following: "Endurance's claims against Stanley DiStefano, Jr . . . [is] stayed due to pending bankruptcy proceedings in which Endurance has filed claims . . . ." (ECF No. 526, Ex. A).

On December 23, 2022, Endurance filed the current motion seeking clarification of the automatic stay in light of the *Fogarty* decision. (ECF No. 526). Both DiStefano and the Chapter 7 Trustee responded. (ECF Nos. 529–30). The Court placed the matter on reserve on January 18, 2023, and reinstated it to the calendar on September 8, 2023. (ECF Nos. 534, 551). A briefing schedule was entered and the matter was fully submitted on December 4, 2023.

## ARGUMENTS

DiStefano argues he was named in the SCA and therefore, pursuant to *Fogarty*, Endurance was obligated to obtain relief from the automatic stay to continue the SCA. The Debtor contends since stay

---

[2] *In re Fogarty*, 39 F.4th at 73.

[3] The judgment was obtained jointly and severally against Indemnitors Green Island Construction Group, LLC, Green Island Contracting, LLC, Christi L. DiStefano and Patrick Reedy.

relief was not obtained, the summary judgment order is void as a matter of law. DiStefano states the SCA being informally stayed as to him was insufficient to alleviate the violation. Rather, he argues Endurance had to obtain a stay relief order from this Court once *Fogarty* was decided and failed to do so. The Debtor insists *Fogarty* is retroactive and therefore the stay was in effect from 2016 to 2019 when he received his discharge. (ECF No. 558, pg. 13).

Endurance disagrees.  It first argues, despite DiStefano being a named party, all actions against him were stayed since the filing of the involuntary proceeding on April 20, 2016. Next, the Creditor notes the facts of the present matter are so dissimilar to *Fogarty* as to make it inapplicable. Endurance argues that adopting the holding in *Fogarty* as retroactive "would wreak havoc on a multitude of cases which . . . have been substantially litigated (or concluded)." (ECF No. 537, pg. 4). In the alternative, Endurance requests if the Court finds the automatic stay is implicated that it be afforded relief from the stay *nunc pro tunc*.  Finally, the Creditor argues the Debtor should be estopped from making any argument regarding the automatic stay because the SCA has been pending for years and the Debtor has yet to bring any action regarding § 362.

The Chapter 7 Trustee merely indicates this Court is bound by the *Fogarty* decision. (ECF No. 530).

## DISCUSSION

### I.    The *Fogarty* Decision

In New York, it was common for debtors to be named in foreclosure proceedings without violating the automatic stay so long as the creditor was not seeking personal liability against a debtor.[4] The *Fogarty* decision fundamentally changed this practice. This is true even for cases where the secured creditor is only enforcing its lien rights and not seeking any personal liability against the debtor.

---

[4] *See*, NY CLS RPAPL § 1304 & § 1311.

4

As previously noted, DiStefano received his discharge on November 26, 2019, several years prior to the *Fogarty* decision. Thus, the discharge injunction contained in § 524 is applicable to the current case, not the automatic stay of § 362.[5] Since the Second Circuit never mentioned the § 524 discharge injunction, Endurance did not run afoul of *Fogarty*. By the time *Fogarty* was decided, the Debtor had already been discharged and as noted, the Creditor never sought personal liability against DiStefano.

## II.    Retroactivity

*Fogarty* was decided approximately three years after DiStefano received his discharge. Nevertheless. the Debtor posits *Fogarty* is retroactive and applies from the filing of the involuntary proceeding against him until he received the discharge. However, this is where DiStefano's analysis starts and stops. It is settled that judicial decisions are generally retroactive. However, retroactivity is not unlimited. "[T]he controlling interpretation of federal law . . . must be given full retroactive effect in all cases still open on direct review . . . ." *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993); *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009) (adopting the holding in *Harper* and applying it to Circuit Court decisions).

---

[5] This Court previously discussed the distinction between the automatic stay and discharge injunction stating:

> When a bankruptcy is filed, § 362's automatic stay is invoked. If a party violates the automatic stay, § 362(k) provides the remedy. . . .
>
> In contrast, once a discharge is granted § 524 acts as a permanent injunction against creditors seeking to collect on a debt that arose pre-petition. *See In re Covelli*, 550 B.R. 256, 266 (Bankr. S.D.N.Y. 2016) . . . .
> . . . .
> [T]he automatic stay has dissolved and has been replaced by the discharge injunction. A violation of a discharge injunction does not give rise to the statutory damages set forth in section 362(k) and is instead addressed by the courts through the use of their "inherent civil contempt power under section 105."

*In re Southworth*, Case No. 18-11922, 2021 Bankr. LEXIS 3161, at *7-8 (Bankr. N.D.N.Y. Nov. 15, 2021).

5

The moment the Debtor received his discharge in 2019, the automatic stay was replaced by the discharge injunction. The discharge order was not appealed and there was nothing on direct review regarding the automatic stay.[6] Therefore, *Fogarty* does not apply retroactively to the present case.

Moreover, "retroactivity in civil cases must be limited by the need for finality; once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed." *James B. Beam Distilling Co. v. Georgia*, 501 U.S. at 539. New legal principles, even when applied retroactively, do not apply to cases already closed by final orders or matters that are not 'still open on direct review . . . .'" *In re Shea & Gould*, 214 B.R. 739 , 747 (S.D.N.Y. 1997) (*citing James B. Beam Distilling Co. v. Georgia*).

### III.   Property of the Estate

Finally, the Debtor points out the *Fogarty* Court's reference to § 362(a)(2) arguing there continues to be a stay regarding property of the estate. (ECF No. 558, pg. 8). However, the Debtor utterly fails to provide any legal argument to support this position.[7] In the interest of completeness this Court will briefly review this issue. This Court does not read *Fogarty* as broadly as DiStefano would like. The Second Circuit stated:

> Because the Foreclosure Judgment against the LLC and Fogarty was entered on February 14, 2018, it was "obtained before the commencement of" Fogarty's bankruptcy proceeding on April 13. 11 U.S.C. § 362(a)(2). **The Sale "enforce[d]" a judgment "against the debtor,**". . . .

*In re Fogarty*, 39 F.4th at 72–73 (emphasis added). A fair reading of this passage leads to the conclusion that the Second Circuit was discussing § 362(a)(2) in connection with the debtor. The *Fogarty* Court

---

[6] The Court notes Endurance appealed this Court's decision denying its request to reconsider the issuance of the discharge. However, this question did not implicate the automatic stay.

[7] During the oral argument on the motions the Court asked if the Debtor would agree that § 362(a)(1) is not applicable. Debtor's attorney stated: "But I don't know that you have to reach that because, you know, there's property of the estate here that's clearly implicated . . . ." (ECF No. 558, pg. 31). However, the Debtor did not mention property of the estate in any pleadings and did not brief the issue.

6

conducted no analysis regarding property of the estate. If it wanted to discuss this issue it could have done so; it did not. In fact, property of the estate was referenced a mere two times in the entire decision and both times in relation to the debtor. There has been no argument advanced by the Debtor which would lead this Court to extend *Fogarty* to the present case.

## CONCLUSION

Based upon the facts of this case and for the reasons stated herein, the Court determines the following:

1. *Fogarty* is not applicable because that case involved the automatic stay, not the § 524 discharge injunction.

2. Judicial determinations are generally retroactive. However, this applies to cases that are on direct review. The discharge order was not appealed and there was no issue on direct review concerning the automatic stay. Therefore, retroactivity from 2016 to 2019 is not warranted.

3. Since *Fogarty* is not presently applicable. Endurance's request for *nunc pro tunc* relief from the automatic stay is moot.

4. The Debtor has not brought anything affirmatively before this Court seeking to invoke *Fogarty*. Therefore, the Creditor's request that DiStefano be estopped from invoking *Fogarty* is moot.

Dated: July 3, 2024  /s/ Robert E. Littlefield, Jr.
Albany New York  Robert E. Littlefield, Jr.
United States Bankruptcy Judge